# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
March 24, 2011, Session

## CHERYL ANN GUNN v. NICHOLAS GRAHAM GUNN

**Appeal from the Chancery Court for Williamson County**
**No. 28709    Timothy L. Easter, Chancellor**

---

**No. M2010-00054-COA-R3-CV - Filed May 11, 2011**

---

In this post-divorce proceeding, the mother appeals the trial court's calculation of the father's child support obligation. The trial court found that residential lease and car lease payments paid by father's employer should be excluded from the calculation of father's income for child support purposes. Finding that the trial court erred in excluding the payments from the calculation of the father's income, the judgment is vacated in part and the case remanded for reconsideration of the father's support obligation.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Vacated in part; Case Remanded**

RICHARD H. DINKINS, J., delivered the opinion of the court, in which PATRICIA J. COTTRELL, P.J., M.S., and ANDY D. BENNETT, J., joined.

James D. R. Roberts, Jr. and Janet L. Layman, Nashville, Tennessee, for the appellant, Cheryl Ann Gunn.

E. Covington Johnston, Jr., Franklin, Tennessee, for the appellee, Nicholas Graham Gunn.

# MEMORANDUM OPINION[1]

## I. Background[2]

The parties to this proceeding were divorced in 2002; the child of the marriage, born in 2000, resides with Mother. The original divorce decree required Father to pay $2,200.00 per month in child support, carry medical insurance on the child, and maintain a $500,000.00 life insurance policy payable to Mother. In 2004, the court modified the support obligation to $473.75 per month, based on Father's representations that his income was $26,000.00 per year. On June 24, 2008, Mother filed a Petition to Set Child Support and a petition seeking to have Father held in contempt for failing to comply with orders requiring him to respond to various discovery requests seeking information regarding his income. A hearing was held on the petition on November 12, and on December 11 the trial court entered an order ("the 2008 order") stating in pertinent part:

2.     That for purposes of child support determination, Cheryl Gunn's income is $30,000.00 per year;

3.     That for purposes of child support determination, Nicholas Gunn's income average for the past two years is $80,000.00 per year;

4.     The Gemini Sun Records' direct payment of $8,750.00 monthly ($105,000.00 annually) for Nicholas Gunn's residential lease at the Villa Malibu Nicholas shall not be imputed to his income;

5.     That Gemini Sun Records' lease payment of $650.00 per month ($7,800.00 annually) for a 2006 BMX X3 shall not be imputed to his income;

6.     That based on the Tennessee Child Support Guidelines, Nicholas Gunn's child support obligation for Annabelle Gunn is $1,250.00 per month, retroactive to July 1, 2008; . . .

---

[1] Tenn. R. Ct. App. 10 states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

[2] The factual and procedural history is derived from the pleadings in the record and from the appellate briefs of the parties.

Mother filed a motion to reconsider, which resulted in a hearing on October 2, 2009.[3]

At the October 2 hearing, Mother attempted to show that Father had income which was not correctly reported on either his personal return or on the return of the corporation.[4] Ms. Susan Curtis-Spinney, a tax professional who owned an H&R Block franchise, was proferred as an expert witness "in tax law as it applies to individuals, to partnerships, s corps - - things of that nature - - and the proper accounting for home office expenses and other proper and improper deductions"; she was permitted to testify in that regard. In her report, which was introduced as an exhibit, she computed Father's income to be $292,944.00 based on a review of, among other things, Father's W-2, Schedule E, and K-1 received from Gemini Sun Records, Inc., the S Corporation which employed him and of which he owned 67%.[5] After discussing at length the proper reporting of items of income and expense on individual, business, and corporate tax returns and schedules, Ms. Curtis-Spinney's report concluded:

> Mr. Gunn's tax returns are questionable in their aggressive form. A forensic accounting with receipts should be required to verify his excessive write-offs including meals and entertainment (50% = $19,278), travel ($34,610), subcontractors ($228,864), petty cash ($5,651), etc. Based on those findings, more income could be discovered and attributable to his personal income.

On October 16, 2009 the court entered an order ("the 2009 order") denying Mother's motion to alter or amend the prior ruling setting Father's gross income at $80,000.00 per year, stating:

---

[3] The initial motion to reconsider was denied following a hearing on May 4, 2009, with leave granted Mother to amend the motion. On May 29 she filed a motion to alter or amend the 2008 order. On August 3 the court entered an order granting Mother's motion to reopen the proof and setting a hearing to allow Mother the opportunity to put on evidence that the home office expenses and luxury vehicle expenses "should be included in Mr. Gunn's income for child support determination."

[4] As noted at footnote 3, *supra*, the October 2, 2009 hearing was held to allow Mother an opportunity to offer evidence obtained from discovery responses received from Father on the morning of the November 12, 2008 hearing. The record on appeal does not contain a transcript of the November 12, 2008 hearing; however, excerpts from the deposition of Father were attached as an exhibit to her petition to set child support. It is apparent from the opening statements of counsel for both parties at the October 2, 2009 hearing, that Mother's proof on November 12, 2008 consisted primarily of Father's deposition testimony.

[5] According to the corporate tax return, the remainder of Gemini Sun Records, Inc., was owned by Father's parents. In his deposition Father testified that his father was "a silent partner; he has no active role and he's not on payroll, he's just an investor."

Upon testimony of witnesses, introduction of Exhibits, and statement of counsel, the Court has considered the additional evidence submitted by the Plaintiff regarding the home office expenses and reimbursement of automobile expenses paid on behalf of the Defendant, and the Court is of the opinion that nothing in the evidence presented indicates that the Defendant has manipulated expenses to reduce his child support obligation.

Therefore, after considering all evidence submitted by the Plaintiff regarding reimbursement to the Defendant for home office expense and for automobile payments and expense, the Court is of the opinion that the best evidence indicates, that the Court was correct in setting the Defendant's annual income at the sum of Eighty Thousand and 00/100ths Dollars ($80,000.00) for child support purposes in this case.

Mother appeals, contending that the trial court erred in its application of the Child Support Guidelines and asserting that direct payments for Father's residential and automobile leases should be included in the calculation of his income for child support purposes. The sole issue presented is whether the trial court erred in its calculation of Father's income for child support purposes.

## II. Discussion

In the 2008 order the trial court did not discuss how it determined Father's income for child support purposes to be $80,000.00[6]; likewise, in the 2009 order the trial court did not discuss the evidence introduced at the October 2 hearing and why that evidence did not move the court to modify its earlier determination of Father's income. The 2008 order, however, does indicate that the court imputed income of $24,439.00 to Father ($80,000.00 - $55,561.00), but that the residential and automobile lease payments were not a part of the imputed income.

In accordance with Tenn. Code Ann. § 36-5-101(e)(2), the Tennessee Department of Human Services promulgated Child Support Guidelines at Tenn. Comp. R. & Regs. 1240-02-04. Relevant to the issue in this appeal is the regulation governing determination of gross

---

[6] An indication of the basis of the court's ruling can be gleaned from the opening statement of Father's counsel at the October 2009 hearing:

The proof that Your Honor heard before and that was introduced is that Mr. Gunn's income on his 2007 tax return was about $55,561. And the income that Your Honor set for child support purposes was $80,000.

income at Tenn. Comp. R. & Regs. 1240-02-04-.04(3). Based on our review of the record in this case, the relevant portion of that regulation provides:

(3) Gross income.

(a) Determination of Gross Income.

1. Gross income of each parent shall be determined in the process of setting the presumptive child support order and shall include all income from any source (before deductions for taxes and other deductions such as credits for other qualified children), whether earned or unearned, and includes, but is not limited to, the following:
(i) Wages;
* * *
2. Imputed Income.
(i) Imputing additional gross income to a parent is appropriate in the following situations:
* * *
    (II) When there is no reliable evidence of income; or
* * *
(iv) Imputing Income When There is No Reliable Evidence of Income.
* * *
    (II) When Modifying an Existing Order
        I. If a parent fails to produce reliable evidence of income (such as tax returns for prior years, check stubs, or other information for determining current ability to support); and
        II. The tribunal has no reliable evidence of that parent's income or income potential;
        III. After increasing the gross income of the parent failing or refusing to produce evidence of income by an increment not to exceed ten percent (10%) per year for each year since the support order was entered or last modified, the tribunal shall calculate the basic child support obligation using the increased income amount as that parent's gross income.
* * *
4. Fringe Benefits.
(i) Fringe benefits for inclusion as income or "in-kind" remuneration received by a parent in the course of employment, or operation of a trade or business, shall be counted as income if they reduce personal living expenses.

(ii) Such fringe benefits might include, but are not limited to, company car, housing, or room and board.

Tenn. Comp. R. & Regs. 1240-02-04-.04(3)(a)1, 2 and 4.

We have reviewed the transcript of the October 2, 2009 hearing. It is apparent from the language of both orders as well as the court's comments at the hearing that the court focused on whether Father was using the corporation to manipulate the income which he reported on his individual return; it does not appear that the court considered whether the residential and automobile lease payments were "fringe benefits" within the meaning of the guidelines. While the possible manipulation of income is an appropriate area of inquiry for determining whether additional income should be imputed to Father, *see Taylor v. Fezell*, 158 S.W.3d 352 (2005), the guidelines also require that fringe benefits such as housing and an automobile be included as part of gross income "if they reduce personal living expenses."

### III. Conclusion

The record does not show that the court made a determination of whether the residential lease and car payments reduced Father's living expenses and were, therefore, includable in the determination of his gross income as fringe benefits. We, therefore, vacate the court's holding that the payments should be excluded from the determination of Father's income and remand the case for reconsideration in accordance with this opinion.[7] Pending further action of the trial court, Father's monthly support obligation shall remain $1,250.00.

_____
RICHARD H. DINKINS, JUDGE

---

[7] As noted previously, the record does not show the basis upon which the trial court imputed $24,439.00 in income to Father, which Father does not contest. Consequently, the inquiry before the trial court will be whether and the extent to which the residential and car lease payments should increase Father's income above the $80,000.00 found by the court.